Strafford,
Dec., 1895.

SOMERSWORTH SAVINGS BANK *v.* SOMERSWORTH.

The statute (Laws 1895, *c.* 108) authorizing a tax of three fourths of one per cent upon deposits in savings banks is valid; and a tax upon corporate stock purchased with such deposits is unauthorized.

. PETITION, for an abatement of taxes. Facts agreed. Before October 1, 1895, the bank paid to the state treasurer a tax computed at three fourths of one per cent upon the amount of its deposits after deducting the value of its real estate and the value of its¦ mortgage loans upon land in this state, as authorized by statute. The assessors of Somersworth assessed a tax in 1895 upon shares of bank stock owned by the plaintiffs. The plaintiffs duly applied to the assessors for an abatement of this tax, which was refused.

*William F. Russell* and *Streeter, Walker & Hollis*, for the plaintiffs.

*David R. Pierce*, for the defendants.

*Per Curiam.*[*]   A savings bank " shall pay to the state treasurer annually, on the first day of October, a tax of three fourths of one per cent upon the amount of the general deposits on which it pays interest, after deducting the value of all its real estate wherever situated and the value of all its loans secured by mortgage upon real estate situated in this state made at a rate not exceeding five per cent per annum." Laws 1895, *c.* 108, *s.* 1. The plaintiffs fully complied with this requirement, and ask to be relieved from a further tax upon bank stock which they purchased with a portion of the deposits. The stock in fact represents the deposits which were used in its purchase; and to sustain both forms of taxation would be to sanction an unauthorized system of double taxation. *Nashua Savings Bank* v. *Nashua,* 46 N. H. 389; *Rockingham Ten Cent Savings Bank* v. *Portsmouth,* 52 N. H. 17; *National Banks* v. *Concord, post.* The claim that the statute limiting the rate of taxation of deposits in savings banks is unconstitutional is not sustained. " The savings-bank tax is an anomaly, resting on peculiar grounds of public policy, and is universally understood to have acquired the position of an exception to the constitutional rule of equality." *B., C. & M.*

---

[*] See foot-notes on pages 22 and 376.

*Railroad* v. *State*, 62 N. H. 648, 649. On this ground *c.* 108, Laws 1895, is valid so far as its validity is a question in this case.

*Tax abated.*

All concurred.

